Filed 3/28/23 P. v. Dexter CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C095756 |
| Plaintiff and Respondent, | (Super. Ct. No. 20FE011056) |
| v. | |
| AARON DEXTER, | |
| Defendant and Appellant. | |

Defendant Aaron Dexter appeals a judgment entered after a jury determined he committed robbery, attempted petty theft, and found true the allegation that he had suffered a prior strike as a result of a prior juvenile adjudication for robbery. Defendant's sole issue on appeal challenges whether a juvenile adjudication may properly be used as a prior strike for purposes of California's "Three Strikes" law (Pen. Code, §§ 667, subd.

1

(b)-(i), 1170.12),[1] arguing developments in case law require a reevaluation of the issue. We disagree and will affirm the judgment.

## BACKGROUND

The People's amended information charged defendant with second degree robbery (§ 211; count one) and attempted second degree robbery (§§ 664/211; count two). The information also alleged defendant had suffered a prior strike (§§ 667, subds. (b)-(i), 1170.12) as the result of a prior juvenile adjudication for robbery (§ 211).

Given the legal issue presented in this appeal, the facts underlying these allegations are not relevant and will not be recounted here. It is enough to note defendant entered a temporarily closed minimart and grabbed a case of beer. A physical struggle ensued, and defendant ultimately fled with personal property belonging to one of the minimart employees.

The matter was tried by a jury in two phases, with the prior strike bifurcated at defendant's request. The jury found defendant guilty of robbery and the lesser included offense of attempted petty theft (§§ 664/484, subd. (a)), but not guilty of attempted robbery. The jury then found the prior strike allegation true.

The trial court sentenced defendant on February 18, 2022, which included time for an unrelated case. The court denied defendant's renewed *Romero*[2] motion to dismiss his prior strike and sentenced him to an aggregate prison term of eight years eight months, plus a one-year consecutive jail term. This sentence was comprised of six years eight months, plus a one-year consecutive jail term for the unrelated case, plus a consecutive term of two years for the robbery (one-third the midterm, doubled because of the prior

---

[1] Subsequent undesignated statutory references are to the Penal Code.

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

strike), plus time served for the attempted petty theft. Defendant timely appealed,[3] and appellate briefing in this matter was completed January 19, 2023.

## DISCUSSION

Defendant's sole issue on appeal contends the trial court's use of his prior juvenile adjudication as a strike violates the United States Constitution because he did not have a right to a jury trial in the juvenile proceeding. Recognizing, as he must, that the California Supreme Court rejected this position in *People v. Nguyen* (2009) 46 Cal.4th 1007, defendant asserts that later decisions, both from the Supreme Court of the United States and California Supreme Court, have called *Nguyen* into question. We disagree.

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Apprendi v. New Jersey* (2000) 530 U.S. 466, 490.) In *People v. Nguyen, supra*, 46 Cal.4th 1007, the California Supreme Court discussed this principle as applied to a juvenile adjudication, stating, "the Fifth, Sixth, and Fourteenth Amendments, as construed in *Apprendi*, do not preclude the sentence-enhancing use, against an adult felon, of a prior valid, fair, and reliable adjudication that the defendant, while a minor, previously engaged in felony misconduct, where the juvenile proceeding included all the constitutional protections applicable to such matters, even though these protections do not include the right to jury trial." (*Nguyen*, at p. 1019.) *Nguyen*, therefore, forecloses defendant's argument.

Defendant counters, arguing *Nguyen* is no longer valid because of intervening decisions in *Mathis v. United States* (2016) 579 U.S. 500, *Descamps v. United States* (2013) 570 U.S. 254, and *People v. Gallardo* (2017) 4 Cal.5th 120. This argument was

---

[3] We denied defendant's request to consolidate this appeal with defendant's appeal of the unrelated case.

3

considered and rejected in *People v. Romero* (2019) 44 Cal.App.5th 381. We reject defendant's argument for the same reasons.

In particular, the *Romero* court noted that "in 2016, after *Descamps* and *Mathis* were decided, our Supreme Court expressly declined to reconsider its holding in *Nguyen* that 'juvenile adjudications [are] inadmissible as prior convictions under *Apprendi* . . . and its *progeny*.' [Citation.] In addition, *Descamps* and *Mathis* do nothing to undermine the premise of our Supreme Court's holding in *Nguyen* because they did not concern the possibility of using the fact that a defendant incurred a juvenile adjudication to enhance a defendant's sentence for a subsequent crime." (*People v. Romero, supra*, 44 Cal.App.5th at p. 389.) "In both cases, the Supreme Court concluded that the sentencing courts were generally barred from looking beyond the statutory elements of the prior offenses to determine whether the defendant's conduct qualified for imposition of a sentence enhancement under the [Armed Career Criminal Act of 1984]." (*Ibid.*)

Similarly, in *Gallardo*, the California Supreme Court found error when a trial court reviewed a preliminary hearing transcript to determine if a prior conviction qualified as a strike. (*People v. Gallardo, supra*, 4 Cal.5th at pp. 136-137.) "Thus, although *Gallardo*, *Mathis*, and *Descamps* all disapprove judicial factfinding by a sentencing court to determine whether the defendant suffered a qualifying prior conviction when that issue is unclear from the fact of the conviction itself, none of those cases calls into question *Nguyen*'s holding that a sentencing court may impose a sentence enhancement based on a prior juvenile adjudication, despite the lack of right to a jury trial in that proceeding." (*People v. Romero, supra*, 44 Cal.App.5th at p. 389.) Accordingly, *Nguyen* remains good law, which we are bound to follow. (*Ibid.*; *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) We, therefore, reject defendant's claim that the trial court's use of his prior juvenile adjudication as a prior strike violated his constitutional rights.

## DISPOSITION

The judgment is affirmed.


                                            /s/
                                    EARL, J.


We concur:


  /s/
ROBIE, Acting P. J.


  /s/
DUARTE, J.